UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TIMOTHY D. LETTER ET AL                    CIVIL ACTION

VERSUS                                      NO: 02-2694

UNIMPROVIDENT CORP. ET AL                   SECTION: J(4)

## ORDER AND REASONS

Before the Court are **Cross-Motions for Summary Judgment (Rec. Docs. 103 & 104).**

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Timothy Letter was employed by Pepsi Americas, Inc. ("Pepsi") and was a participant in Pepsi's group disability plan, which was governed by ERISA and administered by Defendant Unum Life Insurance Company of America ("Unum"). In June of 2000, Letter alleged that in June of 2000, he became disabled due to a serious heart ailment. On November 22, 2000, Letter filed a disability claim with Pepsi under the company's group disability plan. However, after reviewing Letter's claims, Unum determined that Letter was not disabled. Letter disagreed and filed a lawsuit against Unum in August of 2002. On March 20, 2005, after various stages of litigation commenced, the parties agreed to stay the proceedings to reassess Letter's claims. Unfortunately, Letter died on July 9, 2006 before the parties completed the

reassessment.

On June 14, 2007, the reassessment process was completed. Unum reversed its original decision and paid group long term disability benefits to Letter's wife in the amount of $87,148.22. After receiving these benefits, Letter's beneficiaries made a claim under Letter's Group Life, Accidental Death and Dismemberment Insurance Policy for Life Insurance proceeds. Unum then determined that although Letter had not paid any premiums while he was disabled, Letter's policy provided a premium waiver during the period of his disability, which allowed him to qualify for the benefits. After months of trying to ascertain information from Pepsi regarding who were listed as Letter's beneficiaries and trying to determine whether Letter qualified for supplemental benefits, Unum paid Letter's beneficiaries $189,257.10 in basic life benefits and $196,877.92 in supplemental benefits.

Shortly after receiving the life insurance benefits, Letter's beneficiaries requested benefits under the Accidental Death & Dismemberment ("AD&D") provision of Letter's Group Life, Accidental Death and Dismemberment Insurance Policy. Unum has denied this request and both parties have submitted motions for summary judgment in which they ask this Court to settle the issue of whether Letter's beneficiaries are entitled to the AD&D benefits.

## THE PARTIES' ARGUMENTS

Defendant argues that Letter does not qualify for the AD&D benefits of the Group Life, Accidental Death and Dismemberment Insurance Policy because 1) the AD&D portion of the policy did not provide for a waiver of premium for AD&D coverage; 2) in order for this coverage to continue, Letter would have had to pay premiums under the AD&D policy's portability provision; and 3) even if he had taken the necessary steps to port his AD&D coverage, that coverage would have ended when Pepsi terminated its Policy with Unum on October 1, 2001.

Plaintiffs, on the other hand, argue that the Group Life, Accidental Death and Dismemberment Insurance Policy does not make it clear that the premium waiver applies only to the life insurance provision of the contract. Therefore, Plaintiff argues that despite Letter's failure to make premium payments, Unum abused its discretion when it denied payment of benefits under the AD&D provision.

## DISCUSSION

Plaintiffs are challenging Defendant's denial of their benefits under 29 U.S.C. § 1132(a)(1)(B). Generally, when a denial of benefits is challenged under § 1132(a)(1)(B), the district court's role is to review the decision *de novo*. Firestone Tire and Rubber Co., v. Bruch, 489 U.S. 101, 115 (1989). However, when the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or

to construe the terms of the plan, the district court reviews the decision to determine if there was abuse of discretion. Holland v. International Paper Co. Retirement Plan, 576 F.3d 240, 246 (5th Cir. 2009). Here, Unum, the plan's administrator, maintained discretionary authority to determine the eligibility for benefits. Therefore, this court's role is to determine whether Unum abused its discretion in denying Letter's beneficiaries the AD&D benefits.

"A plan administrator abuses its discretion where the decision is not based on evidence, even if disputable, that clearly supports the basis for its denial." Holland, 576 F.3d at 246 (quoting Lain v. UNUM Life Ins. Co., 279 F.3d 337, 342 (5th Cir. 2002) (internal quotations omitted)). A court should only find an abuse of discretion where "the plan administrator acted arbitrarily or capriciously." Holland, 576 F.3d at 246 (quoting Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc., 168 F.3d 211, 214 (5th Cir. 1999) (internal quotations omitted)). A decision is arbitrary only if made without a rational connection between the known facts and the decision or between the found facts and the evidence. Holland, 576 F.3d at 246. This court's "'review of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a continuum of reasonableness-even if on the low end.'" Id. (quoting Corry v. Liberty Life Assurance Co. of Boston, 499 F.3d 389, 398 (5th Cir.

2007)).

Here, Unum did not abuse its discretion in denying Plaintiffs' claim. Despite Letter's failure to pay premiums after his termination, Unum approved Plaintiffs' Life Insurance policy claims under the Group Life, Accidental Death and Dismemberment Insurance Policy because the Life Insurance provisions contained a premium waiver clause. Plaintiffs claim that Letter confusingly believed that the premium waiver applied to both the Life Insurance and AD&D provisions of the policy. This Court finds that argument disingenuous.

As pointed out by Unum, the Life Insurance and the AD&D provisions were clearly separated in the policy. Not only does the table of contents list the provisions separately, but within the policy, both the Life Insurance and the AD&D benefits contain separate and distinct sections relating to eligibility, coverage and payment amounts. While the Life Insurance provision provides a special premium waiver clause, there is no such clause listed under the AD&D provision.[1] It is therefore unclear to the court

---

[1] Letter's policy is remarkably similar to the policy reviewed by the District Court of New Jersey in O'Malley v. Sun Life Assur. Co. of America, 2006 WL 182099 (D.N.J. 2006). After reviewing the policy in that case, the court held:

> The language of both the Waiver of Premium and the Policy provide that a waiver applies only to the premium amounts for life insurance benefits. The AD&D insurance benefit and premium amount were separate from the life insurance benefit and no Waiver of Premium was executed to waive this separate premium amount. Therefore, the Waiver of Premium only operated to continue life insurance coverage . . ..

how Letter could have believed that the clause applied to both the Life Insurance and the AD&D provision.  For these reasons, this Court finds that Unum's decision was based on evidence in the record, which clearly supports Unum's basis for the denial.  Further, because Unum did not act arbitrarily or capriciously, nor did Unum make an irrational connection between the facts and the evidence, Unum did not abuse its discretion in denying Plaintiffs' claim.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED**.  **IT IS FURTHER ORDERED** that Plaintiffs' claim is hereby **DISMISSED**, with prejudice.

New Orleans, Louisiana this 8th day of June, 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE